### TONNELE–MARTIN REALTY CO. v. ADAMS.

(Supreme Court, Appellate Term.   May 27, 1912.)

EVIDENCE (§ 242*)—ADMISSIONS OF AGENT.

In a real estate company's action for commissions for procuring a tenant for defendant's premises, an officer of plaintiff company testified that, after the lease had fallen through, he saw defendant's agent having charge of the premises, and one of the men in their office stated that efforts to obtain a lease had always been unavailing because the other parties in interest would not permit defendant to make a lease.   *Held*, that the admission of the evidence was reversible error; such agent not being shown to have acted as defendant's agent in making the statement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 893–907; Dec. Dig. § 242.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by the Tonnele-Martin Realty Company against Elizabeth E. W. Adams. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Charles S. Foote, of New York City, for appellant.

Herrick, Breckinrridge & Carney, of New York City (Philip W. Carney, of counsel), for respondent.

LEHMAN, J. The plaintiff, a real estate broker, has recovered judgment against the defendant for commissions claimed to have been earned by procuring a person ready, willing, and able to lease certain premises upon the terms asked by the defendant. The proposed lease was never consummated. The plaintiff must therefore prove that at the time that defendant refused to proceed with the negotiations it had performed the duty assumed by him in bringing the parties together upon all the terms of a valid agreement and that the contract failed by reason of the fault of its employer.

The testimony produced was very meager, but, even if sufficient to raise a question of fact, the judgment should be reversed because of the erroneous admission of immaterial evidence which in my opinion was clearly prejudicial. An officer of the plaintiff company was permitted to testify that, after the lease had fallen through, he saw the agent who had charge of the renting of these premises, and one of the men in their office stated that efforts had been made by them and others several times in the past, and "they had always been unfruitful because the other parties in interest would not permit Mrs. Adams to make a lease." Conceding that this man was at the time an agent of the defendant for certain purposes, he was certainly not acting as her agent when he made this statement.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.